UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ORLANDUS FRANK CALHOUN, SR.,

       Plaintiff,

v.

CAROLINE LNU, *et al.*,

       Defendants.

_____ /

Case No. 25-13952

F. Kay Behm
United States District Judge

Curtis Ivy
United States Magistrate Judge

## <u>ORDER OVERRULING PARTIAL OBJECTION (ECF No. 38)</u>

### I.    PROCEDURAL HISTORY

On April 22, 2026, Magistrate Judge Ivy, to whom this matter is referred, issued an Order directing service on Defendant Roslyn Jindal.  (ECF No. 32).  Plaintiff filed a "partial objection" to this Order.  (ECF No. 38).  As explained below, the objection is **OVERRULED**.

### II.    LEGAL STANDARD

When a litigant objects to a magistrate judge's ruling on a non-dispositive matter, they may serve and file objections to the order within 14 days after being served with a copy.  Fed. R. Civ. P. 72(a).  The district judge must then consider any timely objections and modify or set aside any part of the magistrate judge's order that is "clearly erroneous or contrary to law."  *Id.*

1

A magistrate judge's factual findings are reviewed under the clearly erroneous standard and will be reversed only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

A magistrate judge's legal conclusions are reviewed under the "contrary to law" standard and will be reversed only if they fail to apply or misapply relevant statues, case law, or rules of procedure. *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citations omitted). A district court may not reverse a magistrate judge's ruling simply because the court would have decided the matter differently. *Sedgwick Ins. v. F.A.B.E. Custom Downstream Systems*, 47 F.Supp.3d 536, 538 (E.D. Mich. 2014); *see also Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)).

## III.   ANALYSIS

Plaintiff first points out that in one place in the order directing service, it refers to Defendant Scales, not Jindal, which appears to be a typographical error. That error was corrected in an amended order directing service. (ECF No. 33).

Next, Plaintiff asks the court to order that the private residences of Defendants Rosilyn Jindal and Caroline Mielke be provided in order to save time and avoid unnecessary costs of serving the summons and complaint. It appears from the docket that Caroline Mielke was served given that counsel has appeared for "Nurse Caroline a/k/a Caroline Mielke." (ECF No. 31). Additionally, it is also evident from the docket that Defendant Jindal was personally served (ECF No. 42) and that counsel has now appeared on her behalf. (ECF No. 41).

Given that both Defendants have been served and counsel have appeared on their behalf, the relief requested in Plaintiff's Partial Objection appears to be moot. Accordingly, the objections are **OVERRULED**.

**SO ORDERED**.

Date: June 11, 2026 <u>s/F. Kay Behm</u>
F. Kay Behm
United States District Judge

3